IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                            ORDER

                Plaintiff,

                                  08-cv-173-bbc

        v.

WILLIAM POLLARD, MICHAEL BAENEN;
PETE ERICKSON; SGT. SENN; C.O. VANDERWALLE;
RICK RAEMISCH; JOHN BETT; DAN WESTFIELD;
DENISE SYMDON; JOHN AND JANE DOE
EMPLOYEES OF GBCI;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated April 25, 2008, I screened plaintiff's complaint under 28 U.S.C. §

1915A and allowed plaintiff to proceed on his claims that

a.  defendants Senn and Vanderwalle used excessive force against him on February

19, 2008 when they activated a taser attached to his arm;

b.  defendants Senn and Vanderwalle planned the February 19 assault in retaliation

for plaintiff's having complained about Senn's alleged assault of plaintiff on February 1,

2008;

c.  defendants Raemisch, Bett, Westfield, Symdon, Pollard, Baenen, Erickson and

1

John and Jane Doe employees purposely put Senn in charge of transporting plaintiff to Racine in order to put plaintiff at risk of serious harm in retaliation for plaintiff's complaints of Senn's February 1 assault; and

    d. defendants Pollard, Baenen and Erickson arranged for Senn to shock plaintiff with the taser in retaliation for plaintiff's having filed complaints against them while he was at Green Bay Correctional Institution.

In the same order, I stayed a decision whether plaintiff could proceed _in forma pauperis_ on a claim that on February 1, 2008, defendant Senn and five unknown officers used excessive force against him, because plaintiff had supplied no facts in support of the claim. I advised plaintiff that if he wanted the court to consider this claim, he would have to file an addendum to the complaint no later than May 15, 2008, providing greater detail of the February 1 incident.

    Now plaintiff has responded to the April 25 order. In his response, plaintiff states that it was not his intention to raise a separate claim relating to the February 1 incident. According to plaintiff, he mentioned the incident in his complaint only to provide background information for the claims on which he has been allowed to proceed. In light of plaintiff's clarification, I will lift the stay imposed on April 25 and consider as withdrawn voluntarily any claim plaintiff may have had with respect to the February 1 incident involving defendant Senn and five unknown officers.

In his response, plaintiff asks also whether the court will appoint counsel to represent him in this case and in another case he is prosecuting presently, <u>Wine v. Grams</u>, 08-cv-72-bbc.  If plaintiff wants this court to consider a request for appointed counsel in case no. 08-cv-72-bbc, he is free to file such a motion in that case.  However, if he files such a motion, he should be aware that it will be denied for the same reason I must deny his motion in this case.

Plaintiff is proceeding as a paid litigant in this action because of his status as a prisoner who has struck out under 28 U.S.C. § 1915(g).  Thus, he has made no showing that he is eligible for court-appointed counsel under the <u>in forma pauperis</u> statute.  Moreover, he has not made a threshold showing that he has made reasonable efforts to retain counsel and has been unsuccessful as he is required to do.  <u>Jackson v. County of McLean</u>, 953 F.2d 1070 (7th Cir. 1992).  Finally, the record does not support a finding that this case is so difficult factually and legally that it exceeds plaintiff's capacity as a layperson to coherently present it to the court or jury himself.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 655 (7th Cir. 2007).  The legal issues are straightforward.  The elements necessary to prove claims of excessive force and retaliation are well-settled.  As for plaintiff's ability, he is a serial litigant with considerably more experience than most pro se litigants in presenting and proving his claims.  Although I appreciate the challenge plaintiff faces in convincing a jury that his version of the facts with respect to both of his claims is more believable than defendants' version, the fact that the

3

case will likely turn on a jury's determination of credibility is not a sufficient ground by itself to require appointment of counsel.  Every retaliation and excessive force case presents this same challenge.  If this obstacle alone were enough to require appointed counsel, then counsel would be mandated in such cases under the law.  They are not.  In <u>Pruitt</u>, the court of appeals emphasized that there are no "categorical rules regarding recruitment of counsel in particular types of cases."  <u>Id</u>. at 656.  A judge has unfettered discretion to deny counsel if, in the opinion of the judge, the plaintiff has demonstrated that he is capable of litigating his case on his own.

Having examined carefully the complexity of this case against plaintiff's demonstrated ability to litigate his claim, I conclude that plaintiff's motion for appointment of counsel would be denied even if he were to adduce evidence that he lacks the financial resources to retain private counsel and that he has made a good faith effort to retain counsel and has been unsuccessful.


ORDER

IT IS ORDERED that

1.  The stay imposed in this case on April 25, 2008 is LIFTED.  In accordance with plaintiff's wishes, any claim he may have had that defendant Senn and five unknown officers assaulted him on February 1, 2008 is considered withdrawn voluntarily.

4

2.  Plaintiff's complaint, a copy of this order and a copy of the court's April 25, 2008 order will be forwarded today to the office of the Attorney General for informal service of process on defendants William Pollard, Michael Baenen, Pete Erickson, Sgt. Senn, C.O. Vanderwalle, Rick Raemisch, John Bett, Dan Westfield and Denise Symdon.

3.  Plaintiff's motion for appointment of counsel is DENIED.

4.  Plaintiff is reminded that for the remainder of this lawsuit, he is to serve the defendants or the defendants' lawyer with a copy of every paper he files with the court, and to show on the court's copy that he has done so.  In addition, he is to keep a copy of all such documents for his own records.

Entered this 8th day of May, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5