IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                              ORDER

            Plaintiff,

                                          08-cv-173-bbc

    v.

WILLIAM POLLARD, MICHAEL BAENEN;
PETE ERICKSON; SGT. SENN; C.O. VANDERWALLE;
RICK RAEMISCH; JOHN BETT; DAN WESTFIELD;
DENISE SYMDON; JOHN AND JANE DOE
EMPLOYEES OF GBCI;

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated May 27, 2008, I stayed a decision on plaintiff's May 16, 2008 motion for injunctive relief (Dkt. #10) directing prison officials to return to him papers relating to this case that plaintiff claimed had been confiscated. I gave defendants until June 11, 2008, in which to advise the court in writing how long plaintiff might expect to remain separated from his papers so that the court could determine whether the separation is physically preventing plaintiff from prosecuting this case.

Now defendants have filed a response in which they indicate that during a search of plaintiff's cell on May 15, 2008, prison officials found "material related to running a

1

business." Therefore, they confiscated all of plaintiff's papers for review. On May 17, "all property not related to operating a business" was returned to plaintiff.

Even before defendants filed their response to this court's May 27 order, plaintiff wrote on May 29, 2008 (Dkt. #12), to advise the court that prison officials had returned his legal papers to him. However, he complains that the reason defendants gave for the confiscation is contrived. He contends that the real reason defendants took his legal papers was so that they could read them.

Because it is clear that defendants are not physically preventing plaintiff from prosecuting this case, I will deny plaintiff's motion for emergency injunctive relief. If plaintiff believes that prison officials lacked a legitimate penological interest in confiscating and inspecting his legal papers, he is free to file a new lawsuit raising that claim. It is not a claim properly raised in the context of this lawsuit.

ORDER

IT IS ORDERED that plaintiff Jeremy Wine's motion for emergency injunctive relief

(Dkt. #10) is DENIED.

Entered this 9th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3