IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                                       ORDER

                Plaintiff,

                                                      08-cv-173-bbc

     v.

WILLIAM POLLARD, MICHAEL BAENEN;
PETE ERICKSON; SGT. SENN; C.O. VANDERWALLE;
RICK RAEMISCH; JOHN BETT; DAN WESTFIELD;
DENISE SYMDON; JOHN AND JANE DOE
EMPLOYEES OF GBCI;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action in which plaintiff has been allowed to proceed on claims that 1) defendants Sgt. Senn and C.O. Vanderwalle used excessive force against him on February 19, 2008 when they activated a taser attached to his arm; 2) Senn and Vanderwalle, along with defendants Rick Raemisch, John Bett, Dan Westfield, Denise Symdon, William Pollard, Michael Baenen, Pete Erickson and John and Jane Doe employees planned the assault in retaliation for plaintiff's having complained about Senn's alleged assault of plaintiff on an earlier date; and 3) defendants Pollard, Baenen and Erickson arranged for Senn to shock plaintiff with the taser in retaliation for plaintiff's having filed complaints against them while

1

he was at Green Bay Correctional Institution.

On May 8, 2008, I forwarded to the office of the Attorney General a copy of plaintiff's complaint for informal service of process on defendants William Pollard, Michael Baenen, Pete Erickson, Sgt. Senn, C.O. Vanderwalle, Rick Raemisch, John Bett, Dan Westfield and Denise Symdon, together with this court's order of the same date allowing plaintiff to proceed on his claims. Now plaintiff has filed a motion for default judgment, which I construe as a motion for entry of default pursuant to Fed. R. Civ. P. 55(a).

In support of his motion, plaintiff argues that defendants are in default because they failed to file an answer within 20 days of May 9, 2008, the date the Wisconsin Department of Justice accepted service on behalf of the defendants. Plaintiff is mistaken. Pursuant to this court's agreement with the office of the Attorney General, defendants on whose behalf the office accepts informal service of process have 40 days from the date of the order stating that the plaintiff can proceed against the defendants in which to answer the complaint. In this case that order was entered on May 8, 2008, which means that defendants had until June 18, 2008 in which to file their answer. Defendants did in fact file their answer on June 18, 2008. Therefore, plaintiff's motion for entry of default must be denied.

2

ORDER

IT IS ORDERED that plaintiff's motion for entry of default (dkt. # 15) is DENIED.

Entered this 25th day of June, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge