IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                 OPINION and ORDER

      Plaintiff,

                 08-cv-173-bbc

  v.

WILLIAM POLLARD, MICHAEL BAENEN;
PETE ERICKSON; SGT. SENN; C.O. VANDERWALLE;
RICK RAEMISCH; JOHN BETT; DAN WESTFIELD;
DENISE SYMDON; JOHN AND JANE DOE
EMPLOYEES OF GBCI;

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated April 28, 2008, I granted plaintiff leave to proceed in this action on his claims that:

 a. defendants Senn and Vanderwalle used excessive force against him on February 19, 2008 when they activated a taser attached to his arm;

 b. defendants Senn and Vanderwalle planned the February 19 assault in retaliation for plaintiff's having filed a complaint about Senn's alleged February 1 assault;

 c. defendants Raemisch, Bett, Westfield, Symdon, Pollard, Baenen, Erickson

1

and John and Jane Doe employees purposely put Senn in charge of transporting plaintiff to Racine in order to put plaintiff at risk of serious harm in retaliation for plaintiff's complaints of Senn's February 1 assault; and

d.  defendants Pollard, Baenen and Erickson arranged for Senn to shock plaintiff with the taser in retaliation for plaintiff's having filed complaints against them while he was at Green Bay Correctional Institution.

Now defendants have moved for partial summary judgment, contending that plaintiff failed to exhaust his administrative remedies with respect to claims c) and d).

As an initial matter, plaintiff's complaint names John and Jane Does. Pursuant to the pretrial conference order entered in this case, dkt. #22, plaintiff had until August 22, 2008 in which to file an amended complaint replacing all references to John and Jane Doe defendants with names he should have been seeking from defendants during discovery. That date has come and gone, and plaintiff has not filed an amended complaint or asked for an extension of time. Therefore, plaintiff's claims against John and Jane Doe defendants will be dismissed for lack of prosecution.

From the parties' submissions in connection with the motion for partial summary judgment, I find the following facts to be material and undisputed.

FACTS

Plaintiff filed an inmate complaint about a tasering incident that occurred on February 19, 2008 while defendants Senn and Vanderwalle were transporting plaintiff to Racine.  Plaintiff wrote that "Sgt. Senn shocked me with this tazer thing . . . for no reason" and that "Vanderwalle[] sat there and 'laughed' at me."  Plaintiff added that defendant Senn "is the same Sgt. who punched and kicked me during a cell extraction on 2/1/08 that I reported" and that defendants Senn and Vanderwalle "did this to hurt me har[]ass me for filing complaints on him (Sgt. Senn), punish me + retaliate against me for it."  Plaintiff filed no other grievances related to the tasering incident.

OPINION

Defendants contend that plaintiff did not exhaust his administrative remedies with respect to the last two of his four claims:  1) that defendants Raemisch, Bett, Westfield, Symdon, Pollard, Baenen and Erickson purposely put plaintiff at risk of serious harm by arranging for defendant Senn to transport plaintiff to Racine, in retaliation for plaintiff having filed complaints against Senn; and 2) that defendants Pollard, Baenen and Erickson arranged for Senn to shock plaintiff with the taser during that transport in retaliation for plaintiff's having filed complaints against them while he was at the Green Bay Correctional Institution.  Defendants argue that because plaintiff's grievance does not identify any

3

persons other than defendants Senn and Vanderwalle, they were not put on notice of plaintiff's claims against the remaining defendants.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. To meet the exhaustion requirement of § 1997e(a), a prisoner's grievance must afford the prison grievance system "a fair opportunity to consider the grievance," which requires generally that the grievant "compl[y] with the system's critical procedural rules." Woodford v. Ngo, 126 S.Ct. 2378 (2006). The level of specificity a prisoner must provide to satisfy this requirement is determined by what the administrative system requires. Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). An administrative system may impose pleading requirements more strict than mere "notice-pleading." Id. In Strong, the court identified the "default" rule for sufficient notice:

> When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.

Strong, 297 F.3d at 650. A review of the Wisconsin Administrative Code reveals that it contains few content-related requirements for inmate complaints. Wis. Admin. Code § DOC 310.09(1) requires the inmate to type or write the complaint legibly, to sign the complaint, to refrain from using abusive or obscene language, to file the complaint under his assigned name and to "clearly identify" a single issue as the subject of the complaint. Nothing in the

4

Wisconsin Administrative Code requires an inmate to name all individuals responsible for the issue identified in the complaint or identify each possible legal theory related to an "issue." As I noted in Freeman v. Berge, 283 F. Supp. 2d 1009, 1013 (W.D. Wis. 2003), the term "issue" as used in § DOC 310.09(1)(e) has not been construed in case law, but appears to mean *factual* issues, not *legal* issues. Because the Wisconsin administrative system does not require names or legal theories to provide notice of a claim, the Strong default rule applies.

Basic notions of fairness support the conclusion that an inmate need not identify responsible individuals or legal theories related to an incident in every case. In most instances, it is not necessary to identify the responsible parties in an inmate complaint to achieve the purpose of administrative exhaustion, which is to give prison officials a chance to resolve the complaint without judicial intervention. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation"). Moreover, as I have noted before, a requirement that an inmate name names in all cases would likely be invalid unless the inmate is provided a right to engage in timely discovery. Freeman v. Berge, 2004 WL 1774737, *4, Case No. 03-C-0021-C (W.D. Wis. July 28, 2004) (citing Strong, 297 F.3d at 649). For similar reasons, a requirement that inmates identify every possible legal theory in his inmate complaint would be unfair and possibly invalid.

5

Plaintiff filed an inmate complaint about the tasering incident and alerted prison officials to his suspicion that the incident was motivated by defendants' desire to retaliate against him for his having filed one or more earlier complaints about defendant Senn. Once defendants were provided with the retaliatory act and the alleged protected activity, they had all the notice they needed to investigate plaintiff's complaint and resolve it. Compare Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) (for retaliation claims brought in federal court, allegations identifying retaliatory act and protected activity meet notice pleading requirements). That plaintiff did not know at the time he filed his grievance that the remaining defendants had orchestrated the incident is not enough to render his grievance insufficient to exhaust his claims against them; plaintiff was not required to discover and identify every person involved in the incident in order to "alert[] the prison of the nature of the wrong." Thus, as to this claim, defendant's motion for partial summary judgment will be denied.

However, defendant's motion will be granted as to plaintiff's claim that defendants Pollard, Baenen and Erickson arranged the tasering incident in retaliation for plaintiff's having filed different complaints against them while he was at Green Bay Correctional Institution. Nothing in plaintiff's grievance gave notice that the complaints that he had filed against defendants Pollard, Baenen and Erickson could be one of the reasons plaintiff was tasered. Thus, plaintiff failed to "alert[] the prison to the nature of the wrong"; prison

6

officials could not have attempted to resolve plaintiff's concern because it was not identified in any way in the administrative process. Just as a plaintiff is required to identify both the retaliatory act and the protected activity to provide adequate notice of a federal claim for retaliation, Higgs, 286 F.3d at 439, so must a prisoner identify the retaliatory act and the protected activity during the grievance process to sufficiently alert the prison to the nature of the problem.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, dkt. #25, is GRANTED as to plaintiff's claim that defendants Pollard, Baenen and Erickson arranged for Senn to shock plaintiff with the taser in retaliation for plaintiff's having filed complaints against them while he was at Green Bay Correctional Institution and this claim is DISMISSED without prejudice for plaintiff's failure to exhaust.

2. Defendant's motion for summary judgment, dkt. #25, is DENIED as to all other claims.

3. Plaintiff's claims against John and Jane Doe defendants are DISMISSED for lack

of prosecution.

    Entered this 23rd day of September, 2008.

                                  BY THE COURT:

                                  /s/

                              _____
                              BARBARA B. CRABB
                              District Judge