IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                Plaintiff,

      v.

WILLIAM POLLARD, MICHAEL BAENEN,
PETE ERICKSON, ANDREW SENN, BRETT
VANDEWALLE, RICK RAEMISCH, JOHN
BETT, DAN WESTFIELD and DENISE SYMDON,[1]

                Defendants.

OPINION and ORDER

08-cv-173-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Jeremy M. Wine was granted leave to proceed on his claims that defendants Andrew Senn and Brett Vandewalle used excessive force against him on February 19, 2008, by activating a taser attached to his arm, that they did so in retaliation for his having filed a complaint against defendant Senn for an earlier assault occurring February 1 and that defendants Rick Raemisch, John Bett, Dan Westfield, Denise Symdon, William Pollard, Michael Baenen and Pete Erickson orchestrated the tasing in

_____

[1]Although plaintiff did not identify the first names of all defendants in his amended complaint and misspelled one defendant's last name, defendants have now provided their names.  I have amended the caption accordingly.

1

retaliation for plaintiff's complaint regarding the February 1 incident. Now before the court is defendants' motion for summary judgment.

In support of their motion for summary judgment, defendants propose facts supported by evidence that (a) defendants Senn and Vandewalle did not tase plaintiff on February 19, 2008; (b) the only injuries plaintiff identified related to the incident were not consistent with a tasing; (c) even if defendants Senn and Vandewalle had tased plaintiff, plaintiff could not prove that they did so in retaliation for his earlier complaint because neither was aware that he had filed the complaint; and (d) defendants Raemisch, Bett, Westfield, Symdon, Pollard and Erickson were not personally involved in the February 19, 2008 incident. Plaintiff was given instructions on how to respond properly to motions for summary judgment, which require him to cite to evidence in the record to support any response to defendant's proposed findings of fact and any additional finding of fact plaintiff proposes. Procedure to Be Followed on Motions for Summary Judgment, I.B.2. and II.D.2, and Memorandum to Pro Se Litigants Regarding Summary Judgment Motions in Cases Assigned to Judge Crabb, attached to Preliminary Pretrial Conference Order (July 11, 2008), dkt #22.

Plaintiff failed to follow these instructions. None of his responses to defendant's proposed findings of fact or his proposed additional findings of fact are supported by evidence. Therefore, pursuant to this court's rules, they must be disregarded. As I explained

2

to plaintiff in another case, case no. 08-cv-72-bbc, it is proper to disregard his proposed findings and responses because they have no grounding in evidence.  In addition, plaintiff's only true evidence, a sworn statement that he does not cite in his proposed findings of fact or responses, must be disregarded because defendants were not given a fair opportunity to challenge the evidence in that declaration in light of plaintiff's failure to follow this court's rules.  As I explained in case no. 08-cv-72-bbc, plaintiff should know better; he is a seasoned litigator in this district.  Because of plaintiff's failure to follow this court's procedure, the undisputed facts establish that defendants did not use excessive force against him or retaliate against him on February 19, 2008.  Therefore, defendant's motion for summary judgment will be granted.

I note that even if I had considered plaintiff's declaration, I would have to grant defendant's motion for summary judgment.  At the summary judgment stage, plaintiff must do "something more specific than [make a] bald assertion of the general truth of a particular matter"; plaintiff must submit evidence of "specific concrete facts establishing the existence of the truth of the matter asserted." Drake v. Minnesota Mining & Manufacturing Co., 134 F.3d 878, 887 (7th Cir. 1998); Fed. R. Civ. P. 56(e)(2).  Rather than provide details regarding the alleged tasing incident or the alleged retaliation, plaintiff simply states that on February 19, 2008, defendants Senn and Vandewalle did activate a taser on him "for no reason other than to maliciously and sadistically hurt" him and that he "believes" the other defendants arranged to have him tased.  Plaintiff's failure to provide any context for

3

defendants' alleged tasing leaves the court without a means to determine whether, under plaintiff's version of the facts, the tasing was done "maliciously and sadistically to cause [plaintiff] harm" as plaintiff contends.  Plaintiff's conclusory statements do not make it so. Likewise, plaintiff has no admissible evidence in his declaration regarding defendants Senn's and Vandewalle's alleged knowledge of his earlier complaint or of the other defendants' involvement in his transfer.  Therefore, even if considered, plaintiff's declaration could not create a material factual dispute.


ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants William Pollard, Michael Baenen, Peter Ericksen, Andrew Senn, Brett Vandewalle, Richard Raemisch, Daniel Westfield, John Bett and Denise Symdon, dkt. #49, is GRANTED.  The clerk is directed to enter judgment in favor of defendants and close this case.

Entered this 3rd day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4