FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMY M. WINE,

                                                          OPINION and ORDER

            Plaintiff,

                                                          08-cv-173-bbc

    v.

WILLIAM POLLARD, MICHAEL BAENEN,
PETE ERICKSON, ANDREW SENN, BRETT
VANDEWALLE, RICK RAEMISCH, JOHN
BETT, DAN WESTFIELD and DENISE SYMDON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered March 3, 2009, I granted defendants' motion for summary judgment. Now plaintiff has filed a "motion for relief from judgment entered on 3/3/09 and reconsideration of that ordered judgment and notice of appeal [and] motion for judgment in the plaintiff's favor due to their lies and perjury to the court and the fraud that they have committed on this court," which I construe as a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), a motion for relief from the judgment under Fed. R. Civ. P. 60(b)(3) and in the alternative a notice of appeal. Plaintiff contends that it was error to grant defendants' motion for summary judgment for his failure to follow this court's rules

1

because the court gave him instructions that conflicted with those rules. He seeks relief from judgment now because he has evidence that defendants committed perjury in their affidavits.

Plaintiffs' motions will be denied. He was never told that he could disregard the court's rules and the only evidence he submitted is not sufficiently specific to meet the requirements of Rule 56. Moreover, plaintiff has no evidence that defendants committed perjury or otherwise committed a fraud on the court. As for plaintiff's notice of appeal, I construe that notice to include a request for leave to proceed on appeal in forma pauperis. That request will be denied because plaintiff has struck out under 28 U.S.C. § 1915(g) and has not shown that he is in imminent danger of serious physical injury. Therefore, plaintiff will owe the full $ 455 filing fee immediately.

OPINION

Plaintiff's first argument is that it was error to hold the court's rules against him when ruling on defendant's motion for summary judgment because plaintiff had been given conflicting information regarding what he was required to do to properly oppose summary judgment. As I recently explained in addressing this same argument of plaintiff's in another case, Wine v. Pontow, case no. 08-cv-72-bbc, plaintiff was not told that he did not need to follow this court's rules and, even if he had been told as much, conclusory statements in a declaration are not sufficiently specific to satisfy the requirements of Rule 56. As in case no.

2

08-cv-72-bbc, plaintiff has not persuaded me that it was error to disregard his proposed findings of fact and treat as undisputed defendants' version of the story.

Next, plaintiff contends that the judgment against him should be set aside under Rule 60(b)(3) for defendants' fraud, misrepresentation or misconduct. Plaintiff contends that defendants were lying when they said they did not tase him and has "evidence" to prove it. The evidence? Two affidavits dated April 1, 2008 in which plaintiff states that defendants tased him and presents an unauthenticated picture showing burn marks on his arm. (I note that defendants did not say he did not have burn marks on his arm, only that they were not consistent with tasing.) Aside from these affidavits, plaintiff does state that an Officer Barker would corroborate his story in camera by stating that he gave plaintiff new clothes because his were soaked in urine (which plaintiff says was from the tasing) and because he had "heard" from defendants' counsel that "there were tazer burns on [plaintiff's] arm." As with the evidence of fraud submitted in his other case, the evidence he submits here of fraud, misrepresentation or misconduct is too tenuous and incomplete to consider.

Finally, plaintiff submits a notice of appeal in the alternative to his Rule 59 and Rule 60 motions. Fed. R. App. P. 4(a)(4)(B)(i) (notice of appeal effective upon disposal of last post-judgment motion). I construe his notice as a request for leave to proceed in forma pauperis on appeal. As I have told plaintiff, he may not proceed in forma pauperis. He has incurred more than three strikes under 28 U.S.C. § 1915(g), Lemberger v. Litcher; 01-cv-157-jcs; (decided May 4, 2001); Wine v. Perlich, 99-cv-00639-jcs (decided October 27,

3

1999); Wine v. Beloungy, 93-cv-645-jcs (decided September 28 1993); Wine v. Pasell, 93-cv-614-jcs (decided September 14, 1993), and his claims involve only incidents that occurred in the past, which means they do not qualify for the imminent danger exception. 28 U.S.C. § 1915(g). He owes the $ 455 fee for filing an appeal in full immediately.

Plaintiff may challenge my decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status in the court of appeals within thirty days of the date he receives this order. Fed. R. App. P. 24(a)(5). If the court of appeals decides that it was improper to deny plaintiff's request for leave to proceed in forma pauperis because of his three-strike status, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith. If the court of appeals determines that this court was correct in concluding that § 1915(g) bars plaintiff from taking his appeal in forma pauperis, the $ 455 filing fee payment will be due in full immediately. Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to this court at the appropriate time. Also, whether the court of appeals allows plaintiff to pay the fee in installments or agrees with this court that he owes it immediately, plaintiff's obligation to pay the fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that:

4

1.  Plaintiff Jeremy M. Wine's motion to alter or amend the judgment under Fed. R. Civ. P. 59 or to set aside the judgment under Fed. R. Civ. P. 60, dkt. #83, is DENIED.

2.  Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #83, is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g) and the issues he intends to raise on appeal do not qualify for the imminent danger exception to § 1915(g).

3.  The clerk of court is directed to insure that plaintiff's obligation to pay the $455 filing fee is reflected in this court's financial records.

Entered this 9th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge